IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CHERYL HENDERSON, on behalf**                                                    **PLAINTIFFS**
**of all wrongful death beneficiaries of**
**Chadarion Henderson, deceased**

**V.**                                                                        **NO. 4:23-CV-43-DMB-JMV**

**VITALCORE HEALTH STRATEGIES,**
**LLC, et al.**                                                                          **DEFENDANTS**

### ORDER

Following VitalCore Health Strategies LLC's removal of this case based on federal question jurisdiction, Cheryl Henderson moved to remand arguing she did not allege any federal claims. Because VitalCore's basis for removal is a § 1983 claim that appears to be premised on a vicarious liability theory and, consequently, cannot support removal, and because no other defendant has appeared in this case, remand will be granted.

### I
### Procedural History

On January 23, 2023, Cheryl Henderson, on behalf of all wrongful death beneficiaries of Chadarion Henderson, deceased, filed a complaint in the Circuit Court of Sunflower County, Mississippi, against VitalCore Health Strategies, LLC; Sandra J. Cox, LPN; Kimera Boykins, MHP; Sandy F. Adams, Psy.D.; Antonio del Castillo, M.D.; Tyler Williams, CPhT; and John and Jane Does 1–20, "employees, staff, agents of Mississippi Department of Corrections, and/or VitalCore Health, LLC, respectively;" and XYZ Corporations. Doc. #2 at PageID 37. Alleging that "Henderson was found dead in his cell at the Mississippi State Penitentiary," the complaint contains eight counts: (1) "Count One-Negligence/Gross Negligence Against All Defendants;" (2) "Count Two-Failure to Prevent Suicide;" (3) "Count Three-Medical Negligence Against All

Defendants;" (4) "Count Four-Negligent Operation of a Medical Facility Against All Defendants;" (5) "Count Five-Negligent Hiring, Training, and Supervising as to Defendant VitalCore;" (6) "Count Six-Intentional Infliction of Emotional Distress Against All Defendants;" (7) "Count Seven-Wrongful Death Against All Defendants;" and (8) "Count Eight-Miscellaneous Causes of Action as to All Defendants."[1] *Id.* at PageID 37, 51–63.

VitalCore was served the complaint and summons on January 25, 2023. Doc. #4-9. On February 23, 2023, VitalCore, the only defendant served in this case to date, removed the case to the United States District Court for the Northern District of Mississippi, asserting federal question jurisdiction. Doc. #1 at 1–2. Henderson filed a motion to remand on April 1, 2023.[2] Doc. #9. VitalCore did not file a response.

**II**
**Standard**

Pursuant to 28 U.S.C. § 1441(a), except in circumstances not present here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Generally, "under § 1441, removal is proper only when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 259 (5th Cir. 2014) (emphasis omitted).

"To determine whether jurisdiction is present for removal, [federal courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential*

---

[1] The eighth count includes claims for "Negligent Infliction of Emotional Distress," "Fraud and Misrepresentation," and "Civil Conspiracy." Doc. #2 at PageID 62–63.

[2] Two days later, United States Magistrate Judge Jane M. Virden stayed this case pending a ruling on the motion to remand. Doc. #11. VitalCore answered the complaint the same day. Doc. #12.

*Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (cleaned up). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III
### Analysis

28 U.S.C. § 1331 provides district courts with "original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is governed by the well-pleaded complaint rule, under which a federal question must be presented on the face of the plaintiff's complaint. *Mitchell v. Advanced HCS, LLC*, 28 F.4th 580, 585 (5th Cir. 2022) (quoting *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987)). Generally, the Court must only consider the allegations in the original state court petition, and not outside documents, when evaluating whether there is subject matter jurisdiction. *Eggert v. Britton*, 223 F. App'x 394, 397(5th Cir. 2007). If federal question jurisdiction exists, then "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

In its removal notice,[3] VitalCore, citing the complaint's paragraphs 56 and 63, alleges the Court has subject matter jurisdiction because the complaint "asserts a claim arising under the Constitution, laws or treaties of the United States, specifically the Eighth Amendment and Title 42

---

[3] Traditionally, when the only basis for removal is federal question jurisdiction, all defendants must consent to removal. 28 U.S.C. § 1446(b)(2)(A). However, consent is not required by any defendant not properly served. *See Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019). Here, VitalCore is the only defendant served.

United States Code, section 1983." Doc. #1 at 2. In her motion to remand, Henderson asserts "this Court lacks subject matter jurisdiction as no federal law claims have been asserted." Doc. #9 at 1. Henderson argues, without citation to authority:

> Incorporating mention of federal standards for reference purposes, does not transform a state law claim into a federal question sufficient to invoke §1331(a). Here, the fact that Plaintiffs mention Defendants['] behavior is violative of the Eighth Amendment and would also support a claim under 42 U.S.C. § 1983 claim is not enough to overcome Plaintiffs' obvious intention to bring causes of action supported by state law in state court under the state's wrongful death statute.

Doc. #10 at 4.[4] Henderson also states that she "do[es] not assert and hereby waive[s] any claims under 42 U.S.C. § 1983." *Id.*

### A. Presence of a Federal Question?

"Although a plaintiff is master of his claim and may choose to assert only state law claims, a court will occasionally seek to determine whether the real nature of an action is federal, regardless of the plaintiff's characterization." *Brown v. Crop Hail Mgmt., Inc.*, 813 F. Supp. 519, 522 (S.D. Tex. 1993) (citing *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. 949 (1980)).

While Henderson argues that she seeks relief entirely pursuant to state law, in the paragraphs of her complaint relied on by VitalCore for removal, her "Failure to Prevent Suicide" claim alleges that the defendants "are liable for their deliberate indifference under the Eighth Amendment" and "violated the Eighth Amendment through their deliberate indifference to a serious medical need under the Eighth Amendment and 42 U.S.C. § 1983."[5] Doc. #2 at PageID

---

[4] *See* Doc. #10 at 3–4 ("Defendants, however, appear to contend that because Plaintiffs mention rights secured by the federal Constitution in support of their argument, or even plead facts that could support a federal civil rights claim, they somehow base the entirety of their claims on a substantial question of federal law. Not so.").

[5] The "Failure to Prevent Suicide" claim also alleges that "the custom or practice at Parchman—attributable to Defendants including VitalCore—is to conserve financial resources by utilizing acute and non-acute suicide observation only in the most extreme cases" and that such "was a moving force behind Defendants' failure to place Chadarion on suicide observation in violation of the 8th Amendment." Doc. #2 at 56.

4

54–55. Considered with allegations that the defendants showed deliberate indifference because they both knew of and disregarded an excessive risk of Chadarion harming himself,[6] the complaint's language at least suggests an Eighth Amendment claim. *See Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d at 752, 755 (5th Cir. 2001) (articulating deliberate indifference standard for § 1983 Eighth Amendment claims of survivors of inmate who committed suicide in a Texas prison).

### B. Presence of a Federal Claim against VitalCore?

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Port of Corpus Christi Auth. of Nueces Cnty. v. Port of Corpus Christi L.P.*, 57 F.4th 432, 438 (5th Cir. 2023) (internal quotation marks and citations omitted). Against VitalCore, the complaint's claim of deliberate indifference under the Eighth Amendment appears to be premised on a vicarious liability theory.[7] *See* Doc. #2 at PageID 55. Because § 1983 cannot be used as a vehicle to find a party vicariously liable, there is no federal claim brought against VitalCore sufficient to support VitalCore's removal of this case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Merrill Dow Pharms, Inc. v. Thompson*, 478 U.S. 804, 817 (1986) (where there is "no private, federal cause of action for the violation," a complaint "does not state a claim 'arising under the Constitution, laws, or treaties of the United States'" within the meaning of § 1331). Accordingly, this Court lacks jurisdiction over the non-existing federal claim asserted against VitalCore. To the extent the removal notice asserts no other

---

[6] Doc. #2 at PageID 54, 55.

[7] The way the complaint's allegations are drafted, it is not entirely clear which claims are premised on a vicarious liability theory. However, this lack of clarity is construed in favor of remand. *See Scarlott*, 771 F.3d at 887.

5

federal claim as a basis for this Court's subject matter jurisdiction as to VitalCore—the only defendant who has appeared in this case—remand must be granted.

## IV
## Conclusion

Henderson's motion to remand [9] is **GRANTED**. This case is **REMANDED** to the Circuit Court of Sunflower County.

**SO ORDERED**, this 16th day of June, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**